# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## CENTRAL DIVISION

| | |
|---|---|
| **SHARON MAGNUSSON,** | |
| **Plaintiff,** | **REPORT & RECOMMENDATION** |
| **v.** | **Case No. 2:14-cv-00161** |
| **OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10,** | **United States District Court Judge David Nuffer** |
| | **Magistrate Judge Dustin Pead** |
| **Defendants.** | |

This matter was referred to Magistrate Judge Pead from District Court Judge David Nuffer pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 25). On March 5, 2014, Plaintiff Sharon Magnusson ("Magnusson") filed her *pro se* complaint against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Nationstar Mortgage, LLC ("Nationstar"), and Cenlar FSB ("Cenlar") (collectively, "Defendants"), alleging causes of action for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing (doc. 1).[1]

Currently pending before the Court are: (1) Magnusson's Motion for Default Judgment against Ocwen (doc. 8); and (2) Cenlar's Motion to Dismiss for failure to state a claim(doc. 10).

---

[1]Magnusson does not assert each of her cause of action against all of the Defendants. Specifically, Magnusson alleges her claim for Declaratory Judgment (first cause of action) against all three defendants Ocwen, Nationstar and Cenlar, her claim for breach of contract (second cause of action) against Ocwen, and her third cause of action for breach of the covenant of good faith and fair dealing (third cause of action) against Ocwen and Nationstar (doc. 1).

# I. BACKGROUND[2]

In August 2007, Magnusson executed a promissory note ("Note") in the principal amount of $417,000.00 (doc. 1-1).  The Note was secured by executing and recording a Deed of Trust and Assignment of Rents ("Deed of Trust") (collectively referred to as the"Loan") on real property located at 3016 West 1500 South, Bluffdale, Utah 84605 ("Property") (doc. 1, doc. 1-1, doc. 10).   On August 12, 2009, Magnusson received notice that the servicing rights on the Loan were "assigned, sold, or transferred from Taylor, Bean & Whitaker Mortgage Corp. to Cenlar FSB" (doc. 1-3).

Sometime thereafter Magnusson experienced "hardship" and contacted Cenlar in an attempt to request relief from, or modification of, the Loan  (doc. 1, ¶10).  Magnusson asserts that she made "[n]umerous attempts" to communicate with Cenlar, but that her attempts either "failed or [were] rejected" (doc. 1, ¶11).[3]

Thereafter, in December of 2010, Cenlar contacted Magnusson and informed her that she had missed her May 2010 payment, and was required to make a double payment for the month of December (doc. 1, ¶¶15-16).  Burdened with "the extra requirement [of having] to make a double payment" Magnusson contends that she fell behind on her payments (doc. 1, ¶17). On January 31, 2011, Magnusson received a "Notice of Transfer Of Servicing Rights" from Cenlar indicating that her mortgage loan was again being transferred and that all of her future Loan payments should be made to Ocwen (doc. 1-8).   Thereafter, Magnusson contends that she

---

[2]The background section contains facts as set forth in Magnusson's *pro se* complaint, and only includes details on those facts relevant to the currently pending motions.

[3]As a result of her failed communications with Cenlar, Magnusson alleges that in April of 2010 she was "forced" to enlist the services of third party mortgage modification negotiator "BRG Corporation" (doc. 1-4).  Magnusson asserts that she hired BRG at a cost of $3,500.00 and provided them with all of the necessary paperwork to facilitate a loan modification or re-financing with Cenlar (doc. 1, ¶14).

contacted Ocwen who informed her that her May 2010 payment was past due (doc. 1, ¶21).

While in the process of attempting to modify her Loan, Magnusson received a notice of default and on April 9, 2012, Ocwen sold the Property and "Freddie Mac became the new owner" (doc 1, ¶¶28, 29). Thereafter, Magnusson alleges that she suffered through a series of events: the approval of her loan modification plan, an attempt to obtain authorization from Freddie Mac to rescind the sale (doc. 1-9), making trial period payments under the "Making Home Affordable" Modification Program (doc. 1-13), and receiving notice that Nationstar had become the new servicer of Magnusson's loan and that they were owed funds in the amount of $83,079.00.

## II. ANALYSIS

### 1. Motion for Entry of Default Judgment Against Ocwen

On March 28, 2014, Magnusson filed her Motion For Entry of Default Judgment against Ocwen (doc. 8) alleging that Ocwen fail to "appear, plead or otherwise defend within the time allowed" (doc. 9-1). Ocwen was served with a copy of the relevant summons and complaint on March 6, 2014, (doc. 3). Ocwen had twenty-one (21) days thereafter, until March 27, 2014, within which to file an answer or a motion to dismiss. *See* Fed. R. Civ. P. 12(a)(1)(A)(ii) ("A defendant must serve an answer within 21 days after being served with the summons and complaint"). Ocwen did not file its answer until April 4, 2014, (doc. 12). As a result of Ocwen's untimely filing, Magnusson now moves for default judgment pursuant to Federal Rule of Civil Procedure 55 (a) (doc. 8).[4]

In general, the entry of default judgment against a party is disfavored. *See Trs. of the*

---

[4] Pursuant to Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default. Fed. R. Civ. P. 55(a).

*Utah Carpenters' v. Plant Maint. Servs.,* 2011 U.S. Dist. LEXIS 54611 *4, 2:09-cv-00929-DAK

(May 20, 2011) (*citing Polaski v Colo. Dept. of Transp.,* 198 Fed. Appx. 684, 685 (10th Cir.

2006)). Instead, a strong policy exists that "favor[s] resolution of disputes on their merits '[and

a] default judgment must normally be viewed as available only when the adversary process has

been halted because of an essentially unresponsive party.'" *In re Rains v Rains,* 946 F.2d 731,

732-33 (10th Cir. 1991) (*quoting H.F. Livermore Corp. v. Aktiengesellschaft Gerbruder Loepfe*,

432 F.2d 989, 691, 139 U.S. App. D.C. 256 (D.C. Cir. 1970)).

In this case, Ocwen can not be characterized as an "essentially unresponsive party" since

it filed an answer, albeit an untimely one. Under similar circumstances, where a party has filed

an answer prior to the entry of default, other courts have determined that it would be improper

for the court to enter default. *See e.g. Colorado Comp. Ins. Auth. v. Raycomm Transworld Indus.*

*Inc.,* 940 P.2d 1000, 1001 (Colo. App. 1996) ("although defendant's answer here was filed late,

because it was filed before a default had been entered and before the trial court had ruled on the

motion for default judgment, the court should have denied the motion and erred in not doing

so."); *McCook v. Flex Fin. Holding Co.,* 2008 U.S. Dist. LEXIS 35372 (D. Kan. 2008) (denying

plaintiff's motion for entry of default where the answer was filed prior to the entry of default and

recognizing a general preference for resolving cases on their merits); *Fibreboard Paper*

*Products Corp.v. Dietrich,* 475 P.2d 1005, 1007 (Utah 1970) ("It was, therefore error for the

plaintiff to take a default judgment against the defendant since the answer was filed before the

default of the defendant was entered.").

Here, Ocwen explains that counsel was not retained until four days after the answer

deadline due to complications involving the service-transfer of the loan to Nationstar Mortgage

(doc. 13-1). The Court further notes that after retaining counsel, Ocwen immediately filed its

answer setting forth thirteen (13) affirmative defenses (doc. 12).  Given the presumption in favor

of litigating a case on its merits, along with the fact that Ocwen's answer was filed before

default was entered and before the court could rule on the motion for default judgment, the Court

hereby recommends that Magnusson's Motion for Entry of Default Judgment be denied (doc. 8).

## 2.  Cenlar's Motion to Dismiss

 Magnusson's complaint alleges a single cause of action against Cenlar for declaratory

judgment (doc.1).

On April 4, 2014, Cenlar filed its Motion To Dismiss pursuant to Federal Rule of Civil

Procedure 12(b)(6) alleging a failure to state a claim upon which relief can be granted (doc. 10).

In support of dismissal, Cenlar notes that it only serviced Magnusson's Loan from August 12,

2009 through February 15, 2011, and that Magnusson's claims all involve subsequent loan

servicers Ocwen and Nationstar, not Cenlar (doc. 10).

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party is entitled to dismissal

when the plaintiff's complaint, standing alone is legally insufficient to state a claim on which

relief may be granted.  *See Sutton v. Utah State Sch. For the Deaf & Blind*, 173 F.3d 1226, 1236

(10th Cir. 1999).  A motion to dismiss for failure to state a claim should only be granted if it is

clear that plaintiff can "prove no set of facts in support of his claim which would entitle him to

relief." *Id.*

In considering a motion for dismissal, the court presumes as true all well-pleaded facts,

but need not consider conclusory allegations.  *See Tal v. Hogan,* 453 F.3d 1244, 1252 (10th Cir.

2006);  *GFF Corp v. Associated Wholesale Grocers, Inc.,* 130 F.3d 1381, 1384 (10th Cir. 1997)

("[A]ll well-pleaded factual allegations. . . are accepted as true and viewed in the light most

favorable to the nonmoving party.")).  The court is not bound to accept the complaint's legal

conclusions and opinions, whether or not they are couched as facts. *See Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007); *see also Brown v. Zavars*, 63 F.3d 967, 972 (10th Cir. 1995). A plaintiff must provide more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

In Utah, a party seeking a declaratory relief must show "(1) a justiciable controversy, (2) parties whose interests are adverse, (3) a legally protectible interest residing with the party seeking relief, and (4) issues ripe for determination." *Miller v. Weaver*, 2003 UT 12, ¶15; 66 P.3d 592 (*citing Jenkins v. Swan*, 675 P.2d 1145, 1148 (Utah 1983)). Applying these factors, the Court concludes that Plaintiff is unable to state a claim against Cenlar for declaratory relief.

While Magnusson's complaint references an "act of fraud" by Cenlar when it informed her that she missed a loan payment, Magnusson fails to state a claim for relief based thereon (doc. 1, ¶16). Instead, her sole stated claim for declaratory relief appears to seek adjudication of the current status of the Loan, and has nothing to do with the servicing of the Loan by Cenlar. Second, Magnusson fails to establish adverse interests since Cenlar has not had an interest in the Loan since February 15, 2011. As to the third and fourth factors, Magnusson does not assert any legally protectible interest, and the complaint does not establish any issues currently ripe for determination. To the extent that Magnusson seeks to rectify past conduct alleged, declaratory judgment operates prospectively and is not an appropriate remedy to address prior actions. *See SBA Commc'n, Inc. v. Zoning Comm'n of Town of Brookfield,* 96 F. Supp.2d 139, 141 (D. Conn. 2000); *Jensen v. Quality of Loan Serv. Corp.,* 702 F. Supp. 2d 1183, 1188 (E.D. Cal. 2010).

Accordingly, Magnusson fails to state a claim for declaratory judgment against Cenlar and Cenlar's Motion To Dismiss is granted without prejudice. In this case, the court finds

dismissal without prejudice to be appropriate based upon Magnusson's informal and unsupported allegation of fraud against Cenlar (doc. 1, ¶16 "Cenlar instructed Plaintiff to make a double payment for December in order to cover the May payment. Plaintiff believed that Cenlar's request for double payment was as [sic] act of fraud."). While Magnusson is *pro se*, "it is not the proper function of the Court to assume the role of advocate for a pro se litigant." *Hall v Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Additionally, the Court cannot "supply additional facts, [or] construct a legal theory for [a *pro se* plaintiff] that assumes facts that have not been pleaded." *Dunn v. White,* 880 F.2d 1188, 1197 (10th Cir. 1989). *Pro se* litigants are not excused from compliance with the pleading requirements, and factual allegations must be enough to raise a right to relief above the speculative level.

For the foregoing reasons, the Court recommends that Cenlar's Motion To Dismiss be granted without prejudice.

### III.  RECOMMENDATION

The Court hereby RECOMMENDS to the District Court that:

1.  Plaintiff Magnusson's Motion For Default Judgment be denied (doc. 8); and

2.  Defendant Cenlar's Motion To Dismiss for failure to state a claim be GRANTED without prejudice (doc. 10).

 Copies of the foregoing report and recommendation are being mailed to all parties who are hereby notified of their right to object.  Any objection must be filed within fourteen (14) days after being served with a copy.  Failure to object may constitute a waiver of objections upon subsequent review.

DATED this 20th day of June, 2014.

_____

Dustin Pead
U.S. Magistrate Judge