IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON,<br><br>Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10,<br><br>Defendants. | MEMORANDUM DECISION &ORDER<br><br>Case No. 2:14-cv-00161<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

On March 5, 2014, Plaintiff Sharon Magnusson ("Magnusson") filed her *pro se* complaint against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Nationstar Mortgage, LLC ("Nationstar"), and Cenlar FSB ("Cenlar") (collectively, "Defendants"), alleging causes of action for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing (doc. 1).[1]

Currently pending before the Court is Magnusson's motion for judicial notice (doc. 27).[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral

---

[1] Magnusson does not assert all causes of action against each of the Defendants. Specifically, Magnusson alleges a claim for Declaratory Judgment (first cause of action) against Ocwen, Nationstar and Cenlar, a claim for breach of contract (second cause of action) against Ocwen, and a third cause of action for breach of the covenant of good faith and fair dealing (third cause of action) against Ocwen and Nationstar (doc. 1).

[2] This matter was referred to Magistrate Judge Pead from District Court Judge David Nuffer pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 25).

argument would not be helpful or necessary.  *See* DUCivR 7-1(f).

## I. BACKGROUND

On January 21, 2014, a class action complaint was filed against Nationstar in the Federal District Court for the District of Nevada (case number 2:14-cv-00103) (doc. 27-2).  The complaint states claims against Nationstar for breach of contract based upon an alleged failure to honor loan modification agreements previously entered into between Bank of American and the class action homeowners (doc. 27-2).

On February 26, 2014, in the District of Columbia, Ocwen entered into a Consent Judgment with the Consumer Financial Protection Bureau and the Attorney General Offices of multiple states, including Utah, under which Ocwen agreed to pay $127.3 million to borrowers who met specific criteria and whose homes were sold in foreclosure between January 1, 2009, and December 31, 2012 (case number 1:13-cv-02025) (doc. 27-1).  The judgement stems from a complaint filed against Ocwen alleging violations of the Unfair and Deceptive Acts and Practices laws and the Consumer Financial Protection Act of 2010.  *Id.*

On June 13, 2014, Magnusson filed her motion for judicial notice, requesting that this court take judicial notice of:  (1) the February 26, 2014, Consent Judgment from the District of Columbia entered into between Ocwen and the Consumer Financial Protection Bureau ("CFPB") and the Attorney General Offices of multiple states (1:13-cv-02025) (doc. 27-1); and (2) the complaint in the class action lawsuit filed against Nationstar in the District of Nevada (2:14-cv-00103) (doc. 27-2).

## II. ANALYSIS

### 1. Ocwen:  Consent Judgment

Magnusson argues that the court should take judicial notice of the February 26, 2014, Consent Judgment because it contains a signed statement from Ocwen admitting to violations of Utah's Unfair Deceptive Acts and Practices and the Consumer Financial Protection Act of 2010 (doc. 27).  Further, Magnusson asserts that the terms of the stipulation amount to "undisputed fact" and provide clear "evidence of how Ocwen responded to borrowers and foreclosures" (doc. 32).  Ocwen counters that the court is prohibited from taking judicial notice of another court's findings and that the Consent Judgment is irrelevant to the allegations and issues in the case before this court (doc. 29).

Pursuant to Federal Rule of Evidence 201, "the court may judicial notice of a fact that is not subject to reasonable dispute because it:  (1) is generally known within the trial court's territorial jurisdiction or; (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b)(1)-(2).  "Rule 201 governs only judicial notice of adjudicative facts.  Adjudicative facts are simply the facts of the particular case." *O'Toole v Northrop Grumman Corp.,* 499 F.3d 1218, 1224 (10th Cir. 2007) (quotations and citations omitted); *see also* Fed. R. Evid. 201 Advisory Committee Note on Proposed Rule.  Judicial notice applies only to documents that are relevant to the case currently before the court. *See* Magnum Foods, Inc. v. Continental Cas. Co., 36 F.3d 1491, 1502 n. 12 (10th Cir. 1994).

In her motion, Magnusson fails to establish how the February 26, 2014, Consent Judgment is relevant or material to her or to the facts and circumstances of the present case.  While Magnusson argues that relevance is established because she is a borrower and Ocwen foreclosed upon her property, a mere similarity of relationships is, in and of itself, insufficient to

establish relevancy for purposes of judicial notice.  *See* White River Vill. LLP  v. Fid. & Deposit Co., 2009 U.S. Dist. LEXIS 86514, *5 (refusing to take judicial notice of state court orders due to a failure to show that the contents of the orders "are relevant to the resolution of the claims at issue in this case"); *see also* United States v. Gilkerson, 556 F.3d 854, 855 (8th Cir. 2009) (defining adjudicative facts as those facts that are "relevant to the case currently before the court").

Additionally, judicial notice of the Consent Judgment is not appropriate because the terms of the judgment are not undisputed.  *See* O'Toole v. Northrop Grumman Corp., 499 F.3d 1218, 1225 (10th Cir. 2007) (citing, Hennessy v. Penril Datacomm Networks, Inc., 69 F.3d 1344, 1354 (7th Cir. 1995) ("In order for a fact to be judicially noticed, indisputability is a prerequisite.")); *see also* Stine v. Lappin, 2008 U.S. Dist, LEXIS 101437, *2:08-cv-00164 (D. Colo. 2008) (judicial notice is appropriate only with regard to a matter "of common and general knowledge, and it must be authoritatively settled and free from doubt or uncertainty.").   In a separate context, the provisions of the Consent Judgment are not without dispute as the terms of the judgment specifically state that Ocwen does "not admit the allegations of the Complaint other than those facts deemed necessary to the jurisdiction of this Court" (doc. 27-1, p.9).

Thus, applying relevant law the court concludes that while it may take judicial notice of the existence of the Consent Judgment, it may not, as Magnusson suggests, take judicial notice of the contents thereof in order to establish some fact or admission by Ocwen in the case at hand. Magnusson fails to establish that the judgment is undisputed or relevant and the terms of the judgment itself reject any admission by Ocwen other than those necessary to establish jurisdiction in that case.  For these reasons, judicial notice of the Consent Judgment is not appropriate in the manner Magnusson seeks.  The court will take judicial notice of the fact that

the Consent Judgment exists, but will not take judicial notice of the contents thereof.

### 2. Nationstar: Class Action Complaint

Magnusson also moves the court to take judicial notice of the class action lawsuit filed against Nationstar in the District of Nevada. Unlike the Consent Judgment, with respect to Nationstar, Magnusson only moves the court to take judicial notice of the existence of "litigation in another court against Nationstar" (doc. 33). While the allegations of the complaint are subject to dispute, the existence of the complaint is not and therefore the court will take judicial notice of the fact that a class action lawsuit against Nationstar in the District of Nevada exists. It court will not, however, take judicial notice of the contents thereof.

### III. ORDER

For the reasons stated , the Court hereby ORDERS that:

Plaintiff Magnusson's Motion For Judicial Notice be GRANTED in part and DENIED in part (doc. 27). The motion is granted to the extent that the Court will take judicial notice of the existence of the documents that Magnusson requests: the February 26, 2014, Consent Judgment from the District of Columbia entered into between Ocwen and the CFPB and the Attorney General Offices of multiple states (1:13-cv-02025), and the complaint in the class action lawsuit filed against Nationstar in the District of Nevada (2:14-cv-00103).

The motion is denied as to Magnusson's request that the court take judicial notice of the contents of the documents for purposes of establishing any facts or admissions in the current litigation.

DATED this 7th day of August, 2014.

_____
Dustin Pead
U.S. Magistrate Judge