IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON, | |
| Plaintiff, | MEMORANDUM DECISION &ORDER |
| v. | Case No. 2:14-cv-00161 |
| OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10, | United States District Court Judge David Nuffer |
| | Magistrate Judge Dustin Pead |
| Defendants. | |

On May 12, 2014, this matter was referred to Magistrate Judge Dustin Pead by District Judge David Nuffer pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 6).  Currently pending is Plaintiff Sharon Magnusson's "Motion For Partial Summary Judgment" (doc. 40), and Defendant Nationstar Mortgage's "Motion To Defer Ruling" (doc. 45). The court has carefully reviewed the memoranda submitted by the parties.  Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary.   *See* DUCivR 7-1(f).

## BACKGROUND

On March 5, 2014, Plaintiff Sharon Magnusson ("Magnusson") filed her *pro se* complaint against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Nationstar Mortgage, LLC ("Nationstar"), and Cenlar FSB ("Cenlar") (collectively, "Defendants"), alleging causes of action for declaratory judgment, breach of contract, and breach of the covenant of good faith and

fair dealing (doc. 1).[1]

On June 20, 2014, this court issued a Report and Recommendation denying Magnusson's motion for default judgment against Ocwen and granting Cenlar's motion to dismiss (doc. 28).[2]  Thereafter, on August 7, 2014, this court agreed to take judicial notice of the existence of certain documents presented by Magnusson, but refused to take judicial notice of the contents of the documents for purposes of establishing any facts or admissions in the litigation (doc. 36).

On October 14, 2014, Magnusson filed her pending "Motion For Partial Summary Judgment" (doc. 40).  Thereafter, on November 5, 2014, Magistrate Judge Furse held an Initial Pre-trial Conference ("IPT") to discuss deadlines for conducting discovery (doc. 48).  On November 7, 2014, Nationstar filed its "Motion To Defer Deadline To Oppose Summary Judgment" seeking additional time to conduct discovery pursuant to rule 56(d) (doc. 45).  On November 19, 2014, the court entered a formal Scheduling Order consistent with the dates and deadlines agreed to by the parties at the IPT (doc. 55).

## ANALYSIS

The November 19, 2014, Scheduling Order sets forth specific dates and deadlines relevant to the discovery process and the filing of dispositive motions.

---

[1] Magnusson does not assert all causes of action against all Defendants. Instead, she alleges a claim for Declaratory Judgment (first cause of action) against Ocwen, Nationstar and Cenlar, a claim for breach of contract (second cause of action) against Ocwen, and a third cause of action for breach of the covenant of good faith and fair dealing (third cause of action) against Ocwen and Nationstar (doc. 1).

[2] On August 21, 2014, District Court Judge Nuffer adopted this court's Report and Recommendation in its entirety (doc. 37).

Relevant dates for this case include:

| | |
|---|---|
| Fact Discovery completed: | June 15, 2015 |
| Expert Discovery completed: | October 15, 2015 |
| Dispositive motion cut-off: | November 6, 2015 |

Based upon these dates and the representations of the parties, discovery has not yet commenced and neither party has had the opportunity to explore or fully understand the claims presented, defenses offered or terms of the relevant documents.  However, despite the posture of the case, Magnusson filed her pending motion for partial summary judgment seeking an order of the court mandating removal of any mortgage liens attached to her home and requiring that Ocwen provide a permanent loan modification (doc. 40).  In response, Nationstar requests that the court either deny Magnusson's's motion or allow it additional time to conduct discovery.  Magnusson counters that her motion for summary judgment is directed to Ocwen, not Nationstar, and that Nationstar has not presented any evidence to show that it is acting on Ocwen's behalf (doc. 53).

Setting aside the failure of Magnusson to file her motion consistent with federal and local rules, the court concludes that her motion for summary judgment is premature.  *See* Fed. R. Civ. P. 56(c); DUCivR 56-1(b) (setting forth requirements for a properly supported motion for summary judgment).  This conclusion is highlighted, in part, by Magnusson's reliance on exhibits which have not been provided to Nationstar and have not been subject to the discovery process.  Additionally, despite Magnusson's intent to only seek summary judgment against Ocwen, Magnusson's motion refers to "defendants" when identifying the parties against whom she seeks judgment and references her breach of covenant of good faith and fair dealing claim

which is alleged against both Ocwen and Nationstar.  Ocwen is Nationstar's predecessor and Nationstar is the current servicer of Magnusson's loan.  Consequently, Magnusson's request for relief seeking a modification of the loan clearly involves Nationstar and its interests and therefore its motion to defer is well taken.

Accordingly, for the reasons set forth, the court grants Nationstar's properly supported motion for additional time within which to allow the parties to conduct discovery.  *See* Fed. R. Civ. P. 56(d) ("If a non-movant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (2) allow time to obtain affidavits or declarations or to take discovery."); *see also* "Affidavit of Robert H. Scott" (doc. 46), "Affidavit of Jeffrey S. Rasmussen" (doc. 47).  Consistent with the parties' scheduling order and the dates listed above, the court instructs the parties to engage in discovery prior to the filing of dispositive motions for summary judgment.  Magnusson may re-file her motion for summary judgment after the discovery process is complete thereby ensuring that all parties have access to and an understanding of the documents that Magnusson relies on in support of her motion.

**ORDER**

1. Magnusson's motion for summary judgment is DENIED without prejudice (doc. 40).
2. Nationstar's motion to defer ruling is GRANTED (doc. 45).

DATED this 24th day of November, 2014.

_____
Dustin Pead
U.S. Magistrate Judge