IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON,<br><br>      Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10,<br><br>      Defendants. | MEMORANDUM DECISION &ORDER<br><br>Case No. 2:14-cv-00161<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

On March 5, 2014, Plaintiff Sharon Magnusson ("Magnusson") filed her *pro se* complaint against Defendants Ocwen Loan Servicing, LLC ("Ocwen"), Nationstar Mortgage, LLC ("Nationstar"), and Cenlar FSB ("Cenlar") (collectively, "Defendants"), alleging causes of action for declaratory judgment, breach of contract, and breach of the covenant of good faith and fair dealing (doc. 1).[1] On August 21, 2014, the District Court adopted this court's report and recommendation dismissing Defendant Cenlar from the action (doc. 37).

Currently pending, is Magnusson's motion to compel against Defendant Ocwen pursuant to Federal Rule of Civil Procedure 37(a) (doc. 68).[2] The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District

---

[1] Magnusson does not assert all causes of action against each of the Defendants. Specifically, Magnusson alleged a claim for Declaratory Judgment (first cause of action) against Ocwen, Nationstar and Cenlar, a claim for breach of contract (second cause of action) against Ocwen, and a third cause of action for breach of the covenant of good faith and fair dealing (third cause of action) against Ocwen and Nationstar (doc. 1).

[2] This matter was referred to Magistrate Judge Pead from District Court Judge David Nuffer pursuant to 28 U.S.C. §636(b)(1)(B) (doc. 25).

1

Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. See DUCivR 7-1(f).

## BACKGROUND

On January 23, 2015, Magnusson emailed counsel her request to depose Ocwen's Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") (doc. 69-1). In response, Ocwen indicated that it would not produce those individuals for deposition since to do so would be unduly burdensome because "[n]either individual has had any involvement with [Magnusson's] loan or any issue relevant to this litigation" Id.

On February 12, 2015, Ocwen submitted its responses to Magnusson's interrogatories. Regarding those interrogatories requesting the names of Ocwen's CEO and CFO, Ocwen responded as follows:

> Interrogatory No. 2: Identify your Chief Executive Officer
>
> Response: Ocwen objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "your" and "Chief Executive Officer." Ocwen also objects to this Interrogatory on the grounds that it is irrelevant and not likely to lead to the discovery of admissible evidence (doc. 68-1).
>
> Interrogatory No. 3: Identify your Chief Financial Officer.
>
> Response: Ocwen objects to this Interrogatory on the grounds that it is vague and ambiguous as to the terms "your" and "Chief Financial Officer." Ocwen also objects to this Interrogatory on the grounds that it is irrelevant and not likely to lead to the discovery of admissible evidence (doc. 68-1).

Thereafter, on May 14, 2015, Magnusson filed her pending motion to compel requesting that the court "compel Ocwen to produce the names of its CEO and CFO and to allow Plaintiff to depose the said individuals within 30 days of the granting of this motion or at a time

recommended by the Court." (doc. 68, p.2).[3]

## STANDARD OF REVIEW

The motion before the court relates to discovery. "The district court has broad discretion over the control of discovery, and [the Tenth Circuit] will not set aside discovery rulings absent an abuse of that discretion." *Sec. & Exch. Comm'n v. Merrill Scott & Assocs., Ltd.,* 600 F.3d 1262, 1271 (10th Cir. 2010 ) (quotations and citations omitted).

The general scope of discovery is governed by rule 26(b)(1) of the Federal Rules of Civil Procedure which provides that "parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense. . . . For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1).

## ANALYSIS

Although the scope of discovery is broad, it is not so all encompassing as to include Ms. Magnusson's discovery and deposition requests at issue. Ms. Magnusson fails to provide any evidence that Ocwen's CEO or CFO had any involvement with the subject loan or any unique or personal knowledge of the circumstances relevant to this litigation. *See* Fed. R. Civ. P. 26(b)(1).[4] As a result, the court is unable to conclude that Ms. Magnusson's interrogatories or her deposition requests are reasonably calculated to lead to the discovery of admissible evidence

---

[3] Ms. Magnusson did not file a reply to Ocwen's opposition to her motion to compel, and the time within which to do so has expired. *See* DUCivR 7-1(b)(3)(B).

[4] Ms. Magnusson's motion to compel consists of a two paragraphs. The first paragraph entitled "Argument" sets forth the language of rule 37(a) (doc. 68). The second paragraph entitled "Certification" copies the language of Ocwen's counsel from the parties January 23, 2015, email exchange. Id.

and Ms. Magnusson's motion to compel is denied (doc. 68).

Such conclusion, however, does not preclude Ms. Magnusson from submitting interrogatories or scheduling depositions with respect to topics that are relevant to the underlying litigation. Of note, federal rule 30(b)(6) generally address circumstances surrounding the deposition of a corporate entity and allows for the corporation to designate those persons that are qualified to testify on its behalf. *See* Fed. R. Civ. P. 30(b)(6).

### ORDER

Ms. Magnusson's Motion To Compel is DENIED (doc. 68).

DATED this 6th day of July, 2014.

_____
Dustin B. Pead
U.S. Magistrate Judge

4