IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON, | |
| Plaintiff, | MEMORANDUM DECISION &ORDER |
| v. | Case No. 2:14-CV-00161 |
| OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10, | United States District Court Judge David Nuffer |
| | Magistrate Judge Dustin Pead |
| Defendants. | |

## I.     INTRODUCTION

This matter was referred to the court under 28 U.S.C. § 636(b)(1)(B) (Dkt. No. 25). Currently pending before the court is Plaintiff Sharon Magnusson's (Ms. "Magnusson") motion to reconsider the court's July 6, 2015, memorandum decision and order ("Order") (Dkt. No. 75). In its July Order, the court denied Magnusson's motion to compel (Dkt. No. 68) the Defendant, Ocwen Loan Servicing ("Ocwen"), to produce its Chief Executive Officer ("CEO") and Chief Financial Officer ("CFO") for deposition.

The court has carefully reviewed the memoranda submitted by the parties. Pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the motion on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## II.     STANDARD OF REVIEW

To the extent that motions to reconsider are recognized, they are disfavored. *Whittington v. Taco Bell of Am., Inc.,* No. 10-1884, 2012 WL 3705046, at *2 (D. Colo. Aug. 27,

2012) (citing *Bank of Waunakee v. Rochester Cheese Sales, Inc.,* 906 F.2d 1185, 1191 (7th Cir. 1990)); *see Warren v. Am. Bankers Ins. Of Fl.,* 507 F.3d 1238, 1243 (10th Cir. 2007 ) (stating that for twenty years, the Tenth Circuit has "admonished counsel that the Federal Rules of Civil Procedure do not recognize that creature known all too well as the 'motion to reconsider' or 'motion for reconsideration.'").

A court may reconsider a prior ruling based on "(1) an intervening change in the controlling law, (2) new evidence previously unavailable, [or] (3) the need to correct clear error or prevent manifest injustice." *Servants of the Paraclete v. Does,* 204 F.3d 1005, 1012 (10th Cir. 2000) (citing *Brumark Corp.v. Samson Resources Corp.,* 57 F.3d 941, 948 (10th Cir. 1995)). Motions to reconsider are "inappropriate vehicles to reargue an issue previously addressed by the court when the motion merely advances new arguments, or supporting facts which were available at the time of the original motion." *Servants of the Paraclete,* 204 F.3d at 1012.

### III.   ANALYSIS

Here, Magnusson suggests that reconsideration of the court's prior ruling is justified because she was not given an opportunity to file a reply memorandum to her motion to compel (Dkt. No. 75). Ocwen's certificate of service confirms that its opposition was mailed to an incorrect address (Dkt. No. 69).[1] Magnusson, however, does not assert that she did not *receive* Ocwen's opposition, but only that it was mailed to an incorrect address and therefore she was unable to file a reply. Although failure to receive documents does not relieve a moving party of their obligation to independently observe deadlines, the court concludes that under these circumstances the proper course of action to prevent error or injustice is to re-consider its prior

---

[1] As a pro se plaintiff, Magnusson is not authorized under local administrative rules to file or receive filings electronically. Here, Ocwen's Certificate of Service shows that its opposition was mailed to Magnusson at: 3016 West 1500 South, Bluffdale, Utah 84065. Ms. Magnusson's address of record is: 3016 West 1500 South, Bluffdale, Utah 84605.

ruling in the context of the arguments now raised by Magnusson.[2]  In doing so, and upon reconsideration of Magnusson's original motion, Ocwen's opposition and Magnusson's reply arguments as set forth in her motion for reconsideration, the court again denies Magnusson's motion to compel (Dkt. No. 68).

In support of her motion, Magnusson posits numerous questions that she asserts are "fundamentally unique" to Ocwen's CEO and CFO and thereby compel their depositions (Dkt. No. 75).[3]  Magnusson argues it is Ocwen's burden to establish that its corporate officers do not have unique personal knowledge of these issues.  The court disagrees.  As an initial matter, Magnusson fails to provide evidence that Ocwen's CEO and CFO had any involvement with the subject loan or possess unique personal knowledge of circumstances relevant to this litigation.  *See* Fed. R. Civ. P. 26(b)(1).  Merely positing questions does not establish how the proposed deponents are uniquely suited to address those issues.  Rather, "unique personal knowledge must be truly unique—[such that] the deposition would not be allowed where the information could be had through interrogatories, deposition of a designated spokesperson, or deposition testimony of other persons. . . ." *Echostar Satellite, LLC  v. Splash Media Partners, L.P.,* 2009 U.S. Dist.

---

[2]  The majority of Magnusson's motion to reconsider is not dedicated to arguments in support of reconsideration, but to her arguments in support of the underlying motion to compel.  As a result, the court effectively considers Magnusson's motion to reconsider as a "reply" to her underlying motion to compel.

[3] By way of example, Magnusson's questions include: "(a) knowledge as to the nature and why certain policies are in place.  For example, uniquely to the CEO is why does the CEO allow and condone a policy of sending out letters stating that once Ocwen confirms you are eligible for a home affordable modification and you have made your trial period payments timely, Ocwen will send you a modification agreement detailing the terms of your modified loan.  After Ocwen send out this type of letter, Ocwen purposely denies any loan modification due to the fact that Ocwen relinquished its right to service the loan.  And; (b) why does the CEO allow a policy of requiring and accepting "trial period payments knowing full well that even though these payments are made, Ocwen will deny a fixed percentage of them from ever turning into a permanent loan modification. And; (h) has the CEO ever been involved with a specific Note by giving a permanent loan modification. (Dkt. No. 75, pgs. 5-7).

LEXIS 43555, at *5 (D. Colo. May 11, 2009) (citing *Baine v. General Motors Corp.,* 141 F.R.D. 332, 334 (M.D. Ala. 1991) (internal citations omitted).

Further, Magnusson's claim that Ocwen bears the initial burden of establishing, through affidavit or otherwise, that its executives have no unique personal knowledge is patently incorrect. To the contrary, the case law cited by Magnusson states it is "*the party seeking discovery* [who] must first demonstrate that the proposed deponent has 'unique personal knowledge' of the matters in issue." *Id.* at *5-6 (citing *Baine v. General Motors Corp* 141 F.R.D.* at 334) (emphasis added). Here, Magnusson makes no such demonstration and neglects to establish the relevance of the information sought or provide explanation as to why the information is not available through alternate means of discovery. As a result, Magnusson's motion to compel the depositions of Ocwen's CEO and CFO is again denied.

The court reminds Magnusson that an inability to establish unique personal knowledge sufficient to warrant the requested depositions does not preclude her from deposing Ocwen on relevant topics. Federal Rule of Civil Procedure 30(b)(6) specifically addresses the proper procedure for deposing corporate entities. *See* Fed. R. Civ. P. 30(b)(6).

**IV.     ORDER**

Accordingly, for the reasons stated herein, Magnusson's motion for reconsideration is GRANTED (doc. 75). After reconsideration, the court concludes that Magnusson's motion to compel (doc. 68) is again DENIED (doc. 68).

Finally, Magnusson's request to file her pleadings electronically is DENIED pursuant Section I(A)(2) of the CM/ECF and E-filing Administrative Procedures Manual. *See* "District of Utah CM/ECF and E-filing Administrative Procedures Manual" (March 21, 2015) http://www.utd.uscourts.gov/cmecf/ecfpage.html ("Parties appearing pro se shall file

conventionally absent an order of the Court allowing registration as an e-filer.").

DATED this 26th day of August, 2015.

_____
Dustin Pead
U.S. Magistrate Judge