IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON,<br><br>              Plaintiff,<br><br>v.<br><br>OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, and CENLAR FSB, and JANE AND JOHN DOES 1-10,<br><br>              Defendants. | REPORT & RECOMMENDATION<br><br>Case No. 2:14-cv-00161<br><br>United States District Court<br>Judge David Nuffer<br><br>Magistrate Judge Dustin Pead |

## INTRODUCTION

In July 2007, Plaintiff Sharon Magnusson (Plaintiff or Magnusson) and her husband financed ownership of real property located at 3016 West 1500 South in Bluffdale, Utah with a loan for $417,000. The loan was secured by a Deed of Trust which was recorded in the Salt Lake County Recorder's Office. Magnusson defaulted on the loan and Defendant Ocwen Loan Servicing, LLC (Ocwen) foreclosed in 2012. Later, Ocwen rescinded the foreclosure in order to allow Magnusson to apply for a loan modification under the federal Home Affordable Modification Program (HAMP).

In 2013, servicing of the loan transferred to Defendant Nationstar Mortgage, LLC (Nationstar). After contacting Magnusson about the loan default, Nationstar allowed Plaintiff to apply for another HAMP modification. Magnusson did so and Nationstar offered her a permanent modification, which Plaintiff refused.

On March 5, 2014, Magnusson filed her pro se complaint asserting a claim for declaratory judgment, breach of contract against Ocwen and breach of the covenant of good faith

and fair dealing against both Ocwen and Nationstar (collectively, Defendants) (Dkt. No. 1.)[1] On May 12, 2014, District Court Judge David Nuffer referred the case to Magistrate Judge Dustin Pead pursuant to 28 U.S.C. § 636(b)(1)(B) referral (Dkt. No. 25.)

Currently pending before this court are Defendant Nationstar and Defendant Ocwen's motions for summary judgment (Dkt No. 107, Dkt No. 108.)[2] Plaintiff opposes both motions (Dkt No. 115, Dkt No. 116.) Having carefully reviewed the memoranda submitted by the parties and pursuant to civil rule 7-1(f) of the United States District Court for the District of Utah Rules of Practice, the court elects to determine the Defendants' motions on the basis of the written memoranda and finds that oral argument would not be helpful or necessary. *See* DUCivR 7-1(f).

## STATEMENT OF UNDISPUTED FACTS

For purposes of summary judgment, the following facts are taken largely from Defendants' motions. These facts are generally undisputed based on Magnusson's express admissions. The court's consideration of those facts that are disputed, viewed in a light most favorable to Magnusson, reveal either that Plaintiff does not offer any admissible evidence to dispute Defendants' properly supported undisputed facts or that the dispute is not material. *See* Fed. R. Civ. P. 56(e)(2) ("If a party. . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . consider the fact undisputed for purposes of the motion [.]")

1. The real property (Property) at issue in this action is located at 3016 West 15000

---

[1] Plaintiff's claims against Defendant Cenlar FSB were previously dismissed (Dkt No. 28, Dkt No. 37.)

[2] There is considerable overlap between the arguments set forth in the Defendants' motions for summary judgment and, as a result, each Defendant joins in the other's motion to the extent the arguments are applicable (Dkt. No. 107, pg. 3.)

South, Bluffdale, Utah 84605. *See* Complaint, ¶1 (Dkt No. 1.)

2. On or about December 27, 2007, Magnusson and her husband James L. Magnusson obtained a Loan for which they executed a promissory note in the amount of $417,000.00 in favor of Taylor Bean & Whitaker Mortgage Corp. *See* Note, Nationstar Exhibit A (Dkt No. 107-1); Note, Ocwen Exhibit A (Dkt No. 109-1); Affidavit of Gina Feezer, ¶4 (Dkt No. 109.)

3. As collateral for the indebtedness, Plaintiff, as trustor, executed a Deed of Trust (Deed of Trust) to Brighton Title, as trustee, for the benefit of Mortgage Electronic Registration Systems, Inc. (MERS), as nominee for Taylor Bean & Whitaker Mortgage Corp., as beneficiary. The Deed of Trust was recorded in the chain of title for the Property on January 2, 2008, in the Salt Lake County Recorder's Office as Entry No. 10313884. *See* Deed of Trust, Nationstar Exhibit B (Dkt. No. 107-2); Deed of Trust, Ocwen Exhibit B (Dkt. No. 109-2); Affidavit of Gina Feezer, ¶ 5 (Dkt No. 109.)

4. On October 11, 2011, an Assignment transferring all beneficial interest in the Deed of Trust to Ocwen was recorded in the Salt Lake County Recorder's Office, Entry No. 11259062 (Assignment). *See* Assignment Of Deed Of Trust, Nationstar Exhibit C (Dkt. No. 107-3); Assignment Of Deed Of Trust, Ocwen Exhibit C (Dkt. No. 109-3); Affidavit of Gina Feezer, ¶6 (Dkt. No. 109.)

5. Plaintiff fell behind on her contractual loan payments due under the terms of the Note and Deed of Trust and defaulted on the Loan. *See* Affidavit of Gina Feezer, ¶7 (Dkt. No. 109.)[3]

6. As a result, a Notice of Default and Election To Sell was recorded by Ocwen on October 11, 2011. *See* Notice Of Default And Election To Sell, Nationstar Exhibit D (Dkt. No.

---

[3] Magnusson does not dispute that she fell behind on her payments, but asserts Ocwen was responsible for her delinquency. Plaintiff fails to provide any admissible evidence in support of this claim.

107-4); Notice of Default, Ocwen Exhibit D (Dkt. No. 109-4); Affidavit of Gina Feezer, ¶8 (Dkt. No. 109.)

7. After the Notice of Default was recorded, Plaintiff submitted loss mitigation application materials to Ocwen. *See* Affidavit of Gina Feezer, ¶ 9 (Dkt. No. 109.)[4]

8. Several weeks later, the Property was sold at a foreclosure auction and a Trustee's Deed (Trustee's Deed) was issued to Federal Home Loan Mortgage Corporation. *See* Trustee's Deed, Nationstar Exhibit E (Dkt. No. 107-5); Trustee's Deed, Ocwen Exhibit E (Dkt. No. 109-5); Affidavit of Gina Feezer, ¶10 (Dkt. No. 109.)

9. On or about April 30, 2012, Ocwen offered Plaintiff a trial period plan under the Home Affordable Modification Program (HAMP) (the "Trial Plan") with "trial period payments" of $1,732.46. *See* HAMP Trial Plan Letter, Complaint, ¶73, Exhibit M (Dkt. No. 1-13); HAMP Trial Plan Letter, Nationstar Exhibit F (Dkt. No. 107-6); HAMP Trial Plan Letter, Ocwen Exhibit F (Dkt. No. 109-6); Affidavit of Gina Feezer, ¶11 (Dkt. No. 109.)[5]

10. The Trial Plan advised Plaintiff that her existing loan and loan requirements remained in effect and unchanged during the temporary trial period. *See* HAMP Trial Plan Letter, Complaint, ¶73, Exhibit M (Dkt. No. 1-13); HAMP Trial Plan Letter, Nationstar Exhibit F (Dkt. No. 107-6); HAMP Trial Plan Letter, Ocwen Exhibit F (Dkt. No. 109-6); Affidavit of Gina Feezer, ¶11 (Dkt. No. 109.) The Trial Plan further advised that any permanent loan modification

---

[4] Plaintiff contends her request for a loan modification was sent to Ocwen before the Notice of Default was filed (Dkt. No. 1, ¶22.) Plaintiff's dispute is neither material nor supported by admissible evidence.

[5] Attached to her opposition, Magnusson supplies for the first time a letter she received from Ocwen's Escalated Case Management Department dated April 30, 2012. Plaintiff argues the letter proves she was approved for a permanent loan modification (Dkt. No. 115-1.) As addressed further herein, the letter is a notice informing Plaintiff that she will receive information about a HAMP loan modification Trial Plan under separate cover and does not create a disputed issue of material fact (Dkt No. 109-6.)

would be dependent upon several factors including Plaintiff's eligibility and qualification. *Id.*

11. On or about July 12, 2012, Ocwen denied Plaintiff a permanent HAMP modification concluding that Magnusson did not have title to the Property. *See* HAMP Denial Letter, Ocwen Exhibit G (Dkt. No. 109-7); Affidavit of Gina Feezer, ¶12 (Dkt. No. 109-6.) A loan cannot be modified pursuant to HAMP if the borrower does not have title to the property securing the loan debt. *See* Affidavit of Gina Feezer, ¶12 (Dkt. No. 109-6.) As a result, Ocwen could not approve Plaintiff for a permanent modification and did not formalize any permanent loan modification terms such as a modified loan balance, modified monthly loan payment, modified interest rate and/or the modified loan term/maturity date. *See* Affidavit of Gina Feezer, ¶15 (Dkt. No. 109.)

12. On March 26, 2013, the Trustee's Deed was rescinded. *See* Affidavit and Agreement Rescinding and Canceling Trustee's Deed, Nationstar Exhibit G (Dkt. No. 107-7); Affidavit and Agreement Rescinding and Canceling Trustee's Deed, Ocwen Exhibit H (Dkt. No. 109-8); Affidavit of Gina Feezer, ¶13 (Dkt. No. 109.)

13. On May 16, 2013, servicing responsibilities for the loan transferred to Nationstar Mortgage, LLC. *See* Corporate Assignment Of Deed Of Trust, Nationstar Exhibit I (Dkt. No. 107-9); Affidavit of Gina Feezer, ¶14 (Dkt No. 109.)

14. As a result, beneficial interest was assigned to Nationstar by assignment of the Deed of Trust and was recorded in the Salt Lake County Recorder's Office on October 17, 2013. *See* Corporate Assignment of Deed of Trust, Nationstar Exhibit I (Dkt. No. 107-9.)

15. Nationstar sent a letter to Plaintiff offering a permanent HAMP modification plan on March 28, 2014. The proposed modified monthly payment was $1733.21 for the first five years, which was .75 cents higher than the trial payment in the HAMP Trial Plan Ocwen offered Magnusson in 2012. *See* Loan Modification Letter, Nationstar Exhibit J (Dkt. No. 107-10.)

16. Plaintiff rejected the permanent modification offered by Nationstar. *See* Nationstar's Deposition Transcript of Sharon Magnusson, Exhibit M (Ex. 107-13, pg. 108, lns. 20-25); Declaration of Brian Wagner, Deposition Transcript of Sharon Magnusson, Exhibit 1(Dkt. No. 110-1, pg. 109, lns. 1-19.)

17. Neither the Note nor the Deed of Trust contain any provision guaranteeing Plaintiff a loan modification. *See* Note, Nationstar Exhibit A (Dkt No. 107-1); Note, Ocwen Exhibit A (Dkt No. 109-1); Deed of Trust, Nationstar Exhibit B (Dkt. No. 107-2); Deed of Trust, Ocwen Exhibit B (Dkt. No. 109-2); Affidavit of Gina Feezer, ¶¶4- 5 (Dkt No. 109.)

## STANDARD OF REVIEW

Federal Rule of Civil Procedure 56 permits entry of summary judgment when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 250-51 (1986); *see also Alder v. Wal-Mart Stores, Inc.,* 144 F.3d 664, 650 (10th Cir. 1998). When considering a motion for summary judgment, the court must "examine the factual record and reasonable inferences therefrom in the light most favorable to the party opposing summary judgment." *Applied Genetics Intl, Inc., v. First Affiliated Sec. Inc.,* 912 F.2d 1238, 1241 (10th Cir. 1990). The existence of some evidence in support of the non-moving party is insufficient to overcome the summary judgment hurdle. Rather, in order for a dispute to be genuine there must be sufficient evidence on which a jury could reasonably find in favor of the non-moving party. *See Liberty Lobby,* 477 U.S. at 252; *see also Anderson v. Coors Brewing Co.,* 181 F.3d 1171, 1175 (10th Cir. 1999) ("A mere scintilla of evidence supporting the

nonmoving party's theory does not create a genuine issue of material fact.").

Magnusson proceeds pro se. As a pro se litigant, the court must construe her pleadings liberally and they are to be "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991); *see also Erickson v. Pardus*, 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (per curiam); *Van Deelen v. Johnson*, 497 F.3d 1151, 1153 n.1 (10th Cir. 2007). In doing so, however, the court will not "supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico,* 113 F.3d 1170, 1173-74 (10th Cir. 1997).

## DISCUSSION

Defendants move for summary judgment on all of Plaintiff's claims stemming from her asserted entitlement to a Home Affordable Modification Program (HAMP) permanent loan modification. For the reasons set forth herein, the court concludes that summary judgment in favor of Defendants is appropriate. Courts have established there is no private right of action under HAMP, and Defendants had no contractual duty to modify Magnusson's loan.

**There Is No Private Right Of Action Under HAMP.**

Utah courts have consistently held that borrowers do not have a private right of action under HAMP. *Kowsari v. Aurora Loan Servs.,* 2014 U.S. Dist. LEXIS 72845 *7 (D. Utah May 28, 2014) ("HAMP does not provide a private cause of action"); *Blackmore v. Wachovia Mortg. Corp.*, (D. Utah Feb. 8, 2013)*; Domingo v. Direct Mortg. Corp.,* 2011 U.S. Dist. LEXIS 107190 *3 (D. Utah, Sept. 21, 2011) ("there is no private right of action under the Home Affordable Mortgage Program ("HAMP") . . . [t]o the extent Plaintiff argues that she is entitled to modification under HAMP, her claim must be rejected."); *Gunnell v. Fannie Mae*, 2013 U.S. Dist. LEXIS 19621 *7 (D. Utah, Feb. 13, 2014) ("this Court has repeatedly held that there is no

private right of action under HAMP. . .").

Magnusson asserts that all court rulings eliminating a private cause of action under HAMP are "contrary to reason" and loan modification issues, such as Plaintiff's, must be resolved at a trial.[6] The court declines Magnusson's invitation to disregard the prevailing legal standard. Plaintiff does not have a private right of action under HAMP and her claims asserting entitlement to a permanent loan modification are denied.

### Plaintiff's Breach Of Contract Claim Against Ocwen Fails

In addition to there being no private right of action under HAMP, Magnusson's claim against Ocwen for breach of contract also fails because: (1) HAMP based claims disguised as contract claims are not cognizable; (2) Plaintiff's claims are contrary to the express terms of the Trial Plan; (3) and there is no contract without consideration.

### (1) HAMP Claims Disguised As Contract Claims

While it is established that there is no private right of action under HAMP, *Kowsari* 2014 U.S. Dist. LEXIS 72845 *7, courts have also determined that "HAMP based claims disguised as other claims, such as breach of contract, are not cognizable." *Gale v. Aurora Loan Servs.,* 2011 U.S. Dist. LEXIS 53577 *3 (D. Utah May 18, 2011); *Gunnell,* 2013 U.S. LEXIS 19621 at *7 ("parties may not bring other claims that merely disguise HAMP-based claims"); *Shurtliff v. Wells Fargo Bank, N.A.,* 2010 U.S. Dist. LEXIS 117962 *3 (D. Utah. Nov. 5, 2010) (dismissing plaintiff's breach of contract claim as "essentially a claim for a HAMP modification"). At their core, Magnusson's contract based claims are simply claims for entitlement to a permanent

---

[6] In support of her argument, Plaintiff relies upon *State Ex. Rel. Z.C.,* 165 P.3d 1206 (Utah 2007) as support for her claim that Defendants' arguments are "barred by due process and the supreme law of the land" (Dkt. No. 116, pg. 11.) *State Ex. Rel. Z.C.* involves the Utah Supreme Court's interpretation of the state's criminal sexual abuse of a child statute, and is not applicable to the issues currently before this court. *Id; see also* UCA § 76-5-404.1.

HAMP modification and are not cognizable.

### (2) Contrary To Express Terms Of Trial Plan

On April 30, 2012, Ocwen mailed Magnusson a HAMP Trial Plan letter ("Trial Plan") offering her temporary, monthly trial period payments in the amount of $1,732.46 (Dkt. No. 109-7.) The letter specifically advised Magnusson that during the Trial Plan period her current loan requirements would remain in effect and unchanged. *Id.* In relevant part, the Plan stated:

> [y]ou agree all terms and provisions of your current mortgage note and mortgage security instrument remain in full force and effect and you will comply with those terms; and that nothing in the trial period plan shall be understood or construed to be a satisfaction or release in whole or in part of the obligations contained in the loan documents.

HAMP Trial Plan Letter (Dkt. No. 109-7, pg. 4); *see also* (*Id.,* pg. 2) ("This is only a temporary Trial Period Plan.Your existing loan and loan requirements remain in effect and unchanged during the trial period."); (*Id*., pg. 1) ("Your existing loan and loan requirements remain in effect and unchanged during the trial period."). In addition, the Trial Plan indicated that any permanent loan modification would be dependent on several factors including Plaintiff's eligibility and qualification for the program. *Id.* In July 2012, Ocwen denied Plaintiff a modification on the grounds that she did not have title to the property and did not qualify for the program (Dkt. No. 109-7) ("[y]our loan has undergone foreclosure and the property is currently being marketed for sale.").

Magnusson argues Ocwen breached its contract when it failed to provide her a loan modification despite accepting receipt of her payments (Dkt. No. 1, ¶¶ 72-79.)[7] The court

---

[7] Magnusson asserts the Trial Plan letter promised her that "[a]fter all trial period payments are timely made, your mortgage will then be permanently modified." Plaintiff, however, omits relevant portions of the quotation upon which she relies. Read in total, the letter indicates that modification is contingent upon other factors and: "[a]fter all trial period payments are timely made *and you have submitted all the required documents,* your mortgage *would* then be

disagrees. The Trial Plan expressly notified Magnusson that her loan would not be permanently modified until she submitted the required documents, received information indicating that she qualified for the program and signed a formal modification agreement detailing the specific terms of the modified loan. *See* HAMP Trial Plan Letter ("Once we confirm you are eligible for a Home Affordable Modification and you make all of your period payments on time, we will send you a modification agreement detailing the terms of the modified loan") (Dkt. No. 109-7); *see also Lund v. CitiMortgage, Inc.*, 2011 U.S. Dist. LEXIS 52890 *6-7 (D. Utah May 17, 2011); *James v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 53077 *7-8 (D. Utah May 17, 2011). Plaintiff's claim for breach is contrary to the express terms of the Trial Plan under which Ocwen was not contractually obligated to modify Magnusson's loan.

Additionally, Magnusson provides a separate correspondence she received from Ocwen's Escalated Case Management Department ("Escalation Department Letter") dated April 30, 2012— the same date as the Trial Plan (Dkt. No. 115-1, Dkt. No. 116-1.) Magnusson contends the Escalation Department Letter provides proof that Ocwen agreed to permanently modify her loan.[8] The court disagrees and concludes the Escalation Department Letter did not create a contract between Ocwen and Magnusson. The Letter does not include any relevant terms or conditions addressing a purported modification of the existing Note and is not supported by consideration. Instead, the Letter is designed to notify the parties about the status of James Magnusson's challenge to the foreclosure and to inform Plaintiff that a HAMP Trial Plan letter

---

permanently modified" (Dkt. No. 109-6) (Emphasis added).

[8] Pursuant to the court's request (Dkt. No. 124), the parties were given the opportunity to provide additional briefing on this discrete issue in order to give the court additional context since both the Trial Plan and the Escalation Department Letter are dated April 30, 2012 (Dkt. No. 125, Dkt. No. 126, Dkt. No. 128.) Rather than address the substance of the letter and provide additional context, Plaintiff argues that the existence of the letter creates a material dispute of fact that precludes summary judgment in favor of Defendants (Dkt. No. 128.)

will arrive under separate cover. *Id*; *see also* (Dkt. No. 126-1, ¶8) ("Your Making Home Affordable Trial Plan Modification has been approved. The agreement including the detailed terms has been sent to you under separate cover.") As discussed, Plaintiff received the Trial Plan letter (Dkt. No. 109-7.) Under the Trial Plan, the terms of Magnusson's loan were not permanently modified and her current loan obligations remained in place until she entered into a formal modification agreement (Dkt No. 109-7.)

    **(3) Consideration**

Lastly, in order to be enforceable, a contract must be supported by consideration. *Gull Laboratories, Inc. v. Diagnostic Tech., Inc.*, 695 F. Supp. 1151, 1153 (D. Utah 1988) (citation omitted.) Magnusson argues her contract is supported by $24,254.44 in "damages" she suffered as a result of Ocwen's failure to provide her with a permanent loan modification agreement (Dkt. No. 1, ¶80, Dkt. No. 116, pg. 12.)

To the extent that Magnusson claims Ocwen's acceptance of her reduced mortgage payments constituted a binding contract supported by consideration, her claim is denied. The $24,254.44 Magnusson alleges she paid to Ocwen cannot support consideration for modification since Plaintiff was already obligated to make monthly contractual loan payments under the original terms of the Note. Moreover, the acceptance of modified payments does not constitute consideration sufficient to support the formation of a contract. *Osmond v. Litton Loan Serv. LLC*, 2011 U.S. Dist. LEXIS 54659 *6 (D. Utah May 20, 2011); *Brockbank v. JP Morgan Chase Bank, N.A.* 2012 U.S. Dist. LEXIS 48496 *9 (D. Utah Apr. 4, 2012). In turn, damages suffered as a result of an alleged breach cannot support consideration for an underlying contract. Absent consideration there is no enforceable contract and Magnusson's claim for breach is denied.

**Claim For HAMP Modification Is Moot.**

Even assuming for purposes of argument that the Trial Plan created some contractual obligation between the parties, that obligation was satisfied on March 28, 2014, when Nationstar sent Magnusson a permanent HAMP modification offer (Dkt. No. 107-10.) At her deposition, Magnusson admitted that she rejected Nationstar's offer because she "didn't feel it was permanent." *Deposition of Sharon Magnusson,* pg. 9, ln. 17, Nationstar Exhibit K (Dkt. No. 107-11.); *see also Declaration of Brian Wagner, Deposition Transcript of Sharon Magnusson* (Dkt. No. 110-1); *Excerpts of Sharon Magnusson Depositions* pg. 108, ln. 17-25; pg. 109, ln. 6 (Dkt. No. 107-13.)

Because Magnusson rejected the remedy she now seeks, no controversy exists and Plaintiff's claim is moot. *See McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (mootness is a "threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.").

**Breach Of Implied Covenant Of Good Faith And Fair Dealing**

Next, Magnusson asserts that Defendants Ocwen and Nationstar breached the covenant of good faith and fair dealing when they foreclosed on her home, attempted to collect late fees and intentionally transferred her loan (Dkt. No. 1, ¶¶ 81-86, Dkt. No. 116, pg. 13.)

Under the covenant of good faith and fair dealing each party to a contract "impliedly promises that he will not intentionally or purposely do anything which will destroy or injure the other party's right to receive the fruits of the contract." *Hays v. Park City Sch. Dist.* 2016 U.S. Dist. LEXIS 136417 *39 (D. Utah Sept. 30, 2016) (*citing St. Benedict's Dev. Co. v. St. Benedict's Hosp.,* 811 P.2d 194, 199) (Utah 1991). To prevail, a plaintiff must show "an intentional effort to injure the other party's right to receive the benefits of the contract. . . The

covenant, however, does not establish new rights and duties to which the parties did not agree." *Schmitt v. Stearns Lending, Inc.,* 2011 U.S. Dist. LEXIS 98868 * 6 (D. Utah Aug. 31, 2011) (*citing Simplot v. Chevron Pipeline Co.,* 563 F.3d 1102, 1113) (10th Cir. 2009).

Magnusson asserts the covenant was breached when Defendants failed to provide her with a permanent modification despite accepting payments. However, failure to offer a modification cannot support a breach where the plain language of the Trial Plan clearly states that Magnusson may not qualify for a modification (Dkt. No. 109-6) (will examine paperwork "to determine *if* you qualify for a permanent loan modification") (Emphasis added.) The only contract that exists is the underlying loan agreement as evidenced by the Note and Deed of Trust. Magnusson admits neither the Note nor the Deed of Trust contain any provisions guaranteeing her a loan modification and that she has not been denied any benefit under that agreement.

Accordingly, Plaintiff's claim is denied. Defendants have not breached any covenant and Plaintiff cannot establish new rights to which the parties did not agree in order to support her claim.

### Declaratory Judgment Is Not A Cause Of Action

In her complaint, Plaintiff states a "claim" for declaratory judgment (Dkt. No. 1.) "Requests for declaratory or injunctive relief are actually remedies for other alleged causes of action and do not qualify as causes of action on their own." *Hoverman v. CitiMortgage*, 2011 U.S. Dist. LEXIS 86968, *27 (D. Utah Aug. 4, 2011.)

As set forth herein, Plaintiff's claims for breach of contract and breach of the covenant of good faith and fair dealing are denied and as a result there is no basis for declaratory relief.

### Plaintiff Is Not Entitled To Punitive Damages.

Finally, Plaintiff asserts a claim for punitive damages presumably based upon the

substantive claims set forth above. Based upon the court's dismissal of those claims, Magnusson's request for punitive damages is dismissed.

## RECOMMENDATION

For the reasons set forth herein, this court recommends that the District Court:

1. Grant Nationstar's Motion For Summary Judgment (Dkt. No. 107); and

2. Grant Ocwen's Motion For Summary Judgment (Dkt. No. 108.)

Copies of the foregoing Report and Recommendation are being sent to all parties, who are hereby notified of their right to object. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A party must file an objection to this Report and Recommendation within fourteen (14) days of being served. *Id.* Failure to object may constitute waiver of objections upon subsequent review.

DATED this 6th day of December, 2016.

_____
Dustin Pead
U.S. Magistrate Judge