IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| **SHARON MAGNUSSON**, <br><br> Plaintiff, <br> v. <br><br> **OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC**, <br><br> Defendants. | **MEMORANDUM DECISION and ORDER OVERRULING OBJECTION and ADOPTING REPORT AND RECOMMENDATION** <br><br> Case No. 2:14-cv-161-DN-DBP <br><br> District Judge David Nuffer |

The Report and Recommendation (R & R)[1] issued by United States Magistrate Judge Dustin Pead recommends that the district court grant the motions for summary judgment filed by Defendants Ocwen Loan Servicing LLC (Ocwen) and Nationstar Mortgage LLC (Nationstar).[2] Plaintiff Sharon Magnusson filed an objection to the R & R,[3] to which each Defendant responded,[4] and Ms. Magnusson filed a reply.[5] All filed materials have been considered, and a de novo review of "any part of the magistrate judge's disposition that has been properly objected to"[6] has been completed. The objection is overruled. The analysis and conclusions of the magistrate judge are correct and the R & R will be adopted.

---

[1] Report and Recommendation, docket no. 129, filed December 6, 2016.

[2] Nationstar Mortgage LLC's Motion for Summary Judgment (Nationstar Motion), docket no. 107, filed July 1, 2016; Motion for Summary Judgement (Ocwen Motion), docket no. 108, filed July 1, 2016.

[3] Objection to Report & Recommendation Dated 12/06/2016 (Objection), docket no. 130, filed December 16, 2016.

[4] Nationstar Mortgage LLC's Reply to Plaintiff's Objection to Report and Recommendation Dated 12/06/2016 [ECF No. 130] (Nationstar Response), docket no. 131, filed December 28, 2016; Ocwen's Response to Plaintiff's Objection to Report and Recommendation Dated 12/06/2016 (Ocwen Response), docket no. 133, filed December 29, 2016.

[5] Plaintiff's Response to Ocwen's Response to Plaintiff's Objection to Report and Recommendation Dated 12/06/2016 and Plaintiff's Response to Nationstar Mortgage LLC's Reply to Plaintiff's Objection to Report and Recommendation Dated 10/06/2016 [sic] [ECF No. 130] (Reply), docket no. 134, filed January 11. 2017.

[6] Fed. R. Civ. P. 72(b)(3).

## DISCUSSION

Ms. Magnusson specifically objects to two of the findings in the R & R: that the trial modification plan offered by Ocwen did not create a final modification agreement;[7] and that her claim for a Home Affordable Modification Program (HAMP) modification is moot.[8] She also objects generally to the granting of summary judgment claiming that it deprives her of a Seventh Amendment right to jury trial.

### HAMP Trial Plan Offer was not a Permanent HAMP Modification

Ms. Magnusson objects to the finding that the HAMP trial plan offered by Ocwen was not a permanent HAMP modification. The HAMP Trial Plan Letter[9] states that it is a "trial period plan" and the "existing loan and loan requirements remain in effect and unchanged during the trial period."[10] The HAMP Trial Plan Letter also states: "Once we confirm you are eligible for a Home Affordable Modification and you make all of your period payments on time, we will send you a modification agreement detailing the terms of the modified loan."[11] Based on the clear language of the HAMP Trial Plan Letter, Judge Pead correctly found that "[t]he Trial Plan expressly notified Magnusson that her loan would not be permanently modified until she submitted the required documents, received information indicating that she qualified for the program and signed a formal modification agreement detailing the specific terms of the modified loan."[12] Accordingly, Judge Pead correctly concluded that Ms. Magnusson's claim was "contrary

---

[7] Objection at 4.

[8] *Id*. at 4-6.

[9] Exhibit M to Complaint, docket no. 1-13, filed March 5, 2014.

[10] *Id.* at 1.

[11] *Id*. at 2.

[12] R & R at 10.

to the express terms of the Trial Plan under which Ocwen was not contractually obligated to modify Magnusson's loan."[13]

### Claim for Permanent HAMP Modification is Moot

Ms. Magnusson objects to the determination that her claim for a HAMP modification is moot. It is undisputed that Nationstar offered Ms. Magnusson a permanent HAMP modification in March 2014.[14] It is also undisputed that Ms. Magnusson rejected the permanent HAMP modification offer.[15] Based on those undisputed facts, Judge Pead correctly concluded that "[b]ecause Magnusson rejected the remedy she now seeks, no controversy exists and Plaintiff's claim is moot."[16]

### Granting Summary Judgment Does Not Violate Constitutional Rights

Ms. Magnusson objects to the recommendation to grant summary judgment, claiming that it denies her Seventh Amendment right to a jury trial. She agrues that "[t]o deny Plaintiff the right to a trial by jury under any legal theory supporting summary judgment is absurd and unlawfully incorrect."[17] This argument has been rejected by the United States Supreme Court and the Tenth Circuit.

> The Federal Rules of Civil Procedure have for almost 50 years authorized motions for summary judgment upon proper showings of the lack of a genuine, triable issue of material fact. Summary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the

---

[13] *Id.*

[14] Exhibit J to Nationstar Mortgage LLC's Motion for Summary Judgment, docket no. 107-10, filed July 1, 2016.

[15] *See* Magnusson Dep. 109: 9-19 (June 2, 2015), Exhibit K to Nationstar Mortgage LLC's Motion for Summary Judgment, docket no. 107-11.

[16] R & R at 12 (citing *McClendon v. City of Albuquerque*, 100 F.3d 863, 867 (10th Cir. 1996) (mootness is a "threshold issue because the existence of a live case or controversy is a constitutional prerequisite to federal court jurisdiction.")).

[17] Objection at 1.

> Federal Rules as a whole, which are designed "to secure the just, speedy and inexpensive determination of every action."[18]

Further, it is well established that "[t]he Seventh Amendment is not violated by proper entry of summary judgment because such a ruling means that no triable issue exists to be submitted to a jury."[19] Judge Pead correctly found that the facts presented in this case were "generally undisputed based on Magnusson's express admissions."[20] Further, after de novo review of the facts that were disputed, viewed in a light most favorable to Ms. Magnusson, this court agrees that Ms. Magnusson failed to "offer any admissible evidence to dispute Defendants' properly supported undisputed facts."[21] Consequently, summary judgment is appropriate because there is no need for a trial when there is no triable question of fact to submit to the jury.

---

[18] *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[19] *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing Fidelity & Deposit Co. v. United States, 187 U.S. 315, 319-20 (1902)).

[20] R & R at 2.

[21] *Id*. (citing Fed. R. Civ. P. 56(e)(2) ("If a party. . . fails to properly address another party's assertion of fact as required by Rule 56(c), the court may. . . consider the fact undisputed for purposes of the motion [.]")).

## ORDER

IT IS HEREBY ORDERED that the Objection to the Report & Recommendation[22] is OVERRULED.

IT IS FURTHER ORDERED that the Report and Recommendation[23] is adopted as the order of the court and the motions for summary judgment[24] are GRANTED.

The clerk is directed to close this case.

Signed March 31, 2017.

BY THE COURT

_____
District Judge David Nuffer

---

[22] Docket no. 130.

[23] Docket no. 129.

[24] Docket nos. 107 and 108.