IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON, <br><br> Plaintiff, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC, <br><br> Defendants. | **MEMORANDUM DECISION AND ORDER DENYING [139] MOTION FOR RELIEF FROM ORDER DATED MARCH 31, 2017** <br><br> Case No. 2:14-cv-00161-DN <br><br> District Judge David Nuffer |

Plaintiff Sharon Magnusson's claims were dismissed by an order entering summary judgment in favor of the defendants (the "Summary Judgment Order")[1] on the magistrate judge's report and recommendation (the "R&R").[2] Magnusson has filed a motion for relief from the Summary Judgment Order (the "Motion for Relief")[3] under Rule 60(b).[4] Magnusson relies upon two subsections of Rule 60(b):

- 60(b)(3) for "fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party"; and

- 60(b)(6) for "any other reason that justifies relief."

Magnusson has not satisfied either standard. Nor has Magnusson shown, as she argues, that her right to a jury trial has been violated by the court's decision on summary judgment. The Motion for Relief is therefore denied.

---

[1] Memorandum Decision and Order Adopting Report and Recommendations ("Summary Judgment Order"), docket no. 136, filed March 31, 2017.

[2] Report and Recommendation ("R&R"), docket no. 129, filed December 6, 2016.

[3] Plaintiff's Motion for Relief from Order Dated March 31, 2017 ("Motion for Relief"), docket no. 139, filed May 3, 2017.

[4] Fed. R. Civ. P. 60(b).

## DISCUSSION

### Fraud, Misrepresentation, or Misconduct

Magnusson argues that defendant Nationstar Mortgage, LLC ("Nationstar") violated Rule 408 of the Federal Rules of Evidence by submitting to the court in support of its motion for summary judgment an offer for a loan modification, which Magnusson rejected.[5] Magnusson characterizes the alleged violation of Rule of Evidence 408 as "dishonesty, fraud, deceit and misrepresentation" for purposes of Rule 60(b)(3).[6] Magnusson's position is unpersuasive. She did not timely raise an objection to the loan modification letter during summary judgment briefing. If she had objected, her objection would have been overruled. Rule 408 provides that evidence of an offer of compromise is inadmissible to prove or disprove the validity or amount of a disputed claim.[7] The loan modification letter was not offered as evidence of compromise; it was offered to show that Magnusson previously rejected an offer from Nationstar for the loan modification she sought to enforce.[8] Even if the evidence were admitted improperly, no precedent is cited for treating the admission of inadmissible evidence as fraud, misrepresentation, or misconduct under Rule 60(b)(3).[9]

### Any Other Reason that Justifies Relief

Magnusson contends that, under the Tenth Circuit's decision in *George v. Urban Settlement Services*,[10] a lender's promise to convert a trial-period loan modification to a

---

[5] Motion for Relief at 5.

[6] *Id.*

[7] Fed. R. Evid. 408.

[8] R&R at 12 ("Even assuming for purposes of argument that the Trial Plan created some contractual obligation between the parties, that obligation was satisfied on March 28, 2014, when Nationstar sent Magnusson a permanent HAMP modification offer.").

[9] *See* Fed. R. Civ. P. 61 ("Unless justice requires otherwise, no error in admitting or excluding evidence . . . is ground for . . . vacating, modifying, or otherwise disturbing a judgment or order.").

[10] 833 F.3d 1242, 1262 (10th Cir. 2016).

permanent loan modification if she satisfied the terms of the trial-period creates an enforceable agreement.[11] She argues that the additional case law in support of her position justifies relief under Rule 60(b)(6).[12] Additional legal authority is not a basis for relief from judgment, particularly in this case, where the *George* decision is distinguishable from this case. The Magistrate Judge's R&R, which was accepted and adopted, finds: "Plaintiff's claim for breach is contrary to the express terms of the Trial Plan under which Ocwen ***was not contractually obligated to modify Magnusson's loan***."[13] The *George* decision does not provide a reason to justify relief from judgment.[14]

## Right to Jury Trial

Magnusson argues that dismissal of her claims on summary judgment has deprived her of the right to a jury trial.[15] This argument was previously considered and rejected.[16] Magnusson has no right to a jury trial because no triable issues of fact exist to be submitted to a jury.[17] And the court, rather than the jury, has exclusive authority to determine questions of law.[18]

## ORDER

Having reviewed and considered the Motion for Relief, and for good cause appearing,

---

[11] Motion for Relief at 6–10.

[12] *Id.*

[13] R&R at 10.

[14] Fed. R. Civ. P. 60(b)(6).

[15] Motion for Relief at 10.

[16] Summary Judgment Order at 3–4.

[17] *Shannon v. Graves*, 257 F.3d 1164, 1167 (10th Cir. 2001) (citing *Fidelity & Deposit Co. v. United States*, 187 U.S. 315, 319–20 (1902)).

[18] *Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1553 (10th Cir. 1993) (finding that "a question of law [is] to be determined by the court and may be decided on summary judgment).

IT IS HEREBY ORDERED that the Motion for Relief[19] is DENIED.

Dated November 30, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[19] Docket no. 139.