IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| SHARON MAGNUSSON,<br><br>              Plaintiff,<br>v.<br><br>OCWEN LOAN SERVICING, LLC, and NATIONSTAR MORTGAGE, LLC,<br><br>              Defendants. | **MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART [138] NATIONSTAR MORTGAGE, LLC'S MOTION FOR ATTORNEY'S FEES AND COSTS**<br><br>Case No. 2:14-cv-00161-DN<br><br>District Judge David Nuffer |

Defendant Nationstar Mortgage, LLC ("Nationstar") filed a Motion for Attorney's Fees and Costs (the "Motion"),[1] seeking fees and costs incurred in this action from plaintiff Sharon Magnusson. The Motion has two parts: (1) a motion for costs to be awarded to Nationstar as the prevailing party, by operation of the Federal Rules of Civil Procedure and (2) a motion for attorney's fees based on contractual provisions.[2] Costs are granted, and attorney's fees are denied.

## COSTS

As distinguished from attorney's fees, costs should be allowed to the prevailing party in an action under Rule 54(d)(1).[3] Having prevailed on summary judgment in its defense of this action,[4] Nationstar is entitled to its costs. Nationstar claims $1,696.08 in costs for transcripts,

---

[1] Nationstar Mortgage LLC's Motion for Attorney's Fees and Costs (the "Motion"), docket no. 138, filed April 12, 2017.

[2] *Id.*

[3] Fed. R. Civ. P. 54(d)(1).

[4] Memorandum Decision and Order Adopting Report and Recommendations, docket no. 136, filed March 31, 2017.

witness fees, docket fees, and other costs.[5] Magnusson has not challenged the amount of costs.[6] Costs are granted.

## ATTORNEY'S FEES

Nationstar, as assignee, claims a right to attorney's fees under three contract provisions:[7] Paragraph 6(E) of the note executed by Magnusson (the "Note"),[8] Section 9 of the deed of trust signed to secure the Note (the "Trust Deed"),[9] and Section 14 of the Trust Deed. These provisions, when applied to Magnusson's unsuccessful suit against Nationstar, do not support an award of attorney's fees.

Paragraph 6(E) of the Note provides:

> If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses *in enforcing the Note* to the extent not prohibited by applicable law. These expenses include, for example, reasonable attorneys' fees.[10]

Paragraph 6(E) does not apply because this was not an action to enforce the Note. Magnusson asserted causes of action against Nationstar for declaratory judgment and breach of the covenant of good faith and fair dealing, claiming a right to a loan modification under the federal Home Affordable Modification Program (HAMP).[11] Magnusson essentially asserted a HAMP claim rather than a contract claim.[12] She did not challenge her obligation to satisfy the Note; rather, she unsuccessfully asserted a right to pay on different terms. Magnusson's case

---

[5] Exhibit G to Motion (Bill of Costs), docket no. 138-7, filed April 12, 2017.

[6] Plaintiff's Objection to Nationstar's Motion, docket no. 140, filed May 3, 2017.

[7] Motion at 3.

[8] Exhibit D to Motion (Note), docket no. 138-4, filed April 12, 2017.

[9] Exhibit E to Motion (Trust Deed), docket no. 138-5, filed April 12, 2017.

[10] Note ¶ 6(E) (emphasis added).

[11] Complaint ¶¶ 66–71, 81–86, docket no. 1, filed March 5, 2014. Another cause of action for breach of contract was asserted against co-defendant Ocwen Loan Servicing, LLC only.

[12] Report and Recommendation ("R&R") at 8, docket no. 129, filed December 6, 2016.

against Nationstar was rejected because no private right of action is available under HAMP, and because Magnusson failed to show that an agreement to a loan modification was formed.[13] And Nationstar did not assert any counterclaim under the Note. Therefore, the Note does not support an award of attorney's fees.

Section 9 of the Trust Deed provides:

If (a) Borrower fails to perform the covenants and agreements contained in this Security Instrument, (b) there is *a legal proceeding* that might significantly affect Lender's *interest in the property and/or rights under this Security Instrument*…then Lender may do and pay for whatever is reasonable or appropriate to protect Lender's interest in the Property and rights under this Security Instrument…Lender's action can include, but are not limited to: (b) appearing in court; and (c) paying reasonable attorneys' fees to protect its interest in the Property and/or rights under this Security Instrument.[14]

And Section 14 of the Trust Deed provides:

Lender may charge Borrower fees for services performed in connection with Borrower's default, *for the purpose of protecting Lender's interest in the Property and rights under this Security Instrument*, including, but not limited to, attorneys' fees. . . .[15]

These provisions of the Trust Deed do not apply because the parties did not litigate Nationstar's right to security for the Note or interest in the property held as collateral. Again, Magnusson brought an unsuccessful HAMP claim claiming the right to a loan modification. No such right was found. Nationstar's security interest was not challenged, and Nationstar did not assert any counterclaim under the Trust Deed. The legal services were not performed in connection with Magnusson's default, but in connection with Magnusson's claim to different payment terms. Therefore, Section 9 of the Trust Deed does not support an award of attorney's fees. Attorney's fees are denied.

---

[13] R&R at 7–13.

[14] Trust Deed § 9 (emphasis added).

[15] Trust Deed § 14 (emphasis added).

**ORDER**

Having reviewed the Motion, and for good cause appearing,

IT IS HEREBY ORDERED that the Motion[16] is GRANTED IN PART and DENIED IN PART. Nationstar is granted its costs in the amount of $1,696.08. The judgment will be amended to reflect the award of costs. Attorney's fees are denied.

Dated December 4, 2017.

BY THE COURT:

David Nuffer
United States District Judge

---

[16] Docket no. 138.